IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00037-BNB

WENDEL (ROBERT) WARDELL, JR.,

    Applicant,

v.

EXECUTIVE DIRECTOR, Colorado Dept. of Corrections,
ARCHIE B. LONGLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO FILE PRE-ANSWER RESPONSE

Applicant is a prisoner in the custody of the United States Bureau of Prisons. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Colorado state court conviction in Larimer County District Court case number 95CR1159. As part of the preliminary consideration of the Application and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate. Therefore, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondents Executive Director of the Colorado Department of Corrections and the Attorney General of the State of Colorado ("the Colorado Respondents") will be directed to file a Pre-Answer Response. Respondent Archie B. Longley is not required to file a Pre-Answer Response.

The Court is aware that Applicant has filed a prior habeas corpus application challenging the validity of the same Colorado conviction. *See Wardell v. Neet*, No. 00-

cv-01485-EWN-CBS (D. Colo. Apr. 21, 2003).[1]  However, Applicant alleges that an amended judgment was entered in his criminal case after the prior habeas corpus action was filed.  Therefore, in light of *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), the Colorado Respondents are directed to address the jurisdictional question of whether the instant action is a second or successive application.

The Colorado Respondents also are directed to address in the Pre-Answer Response the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  If the Colorado Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response.  In support of the Pre-Answer Response, the Colorado Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.  The Colorado Respondents may not file a dispositive motion as the Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the arguments raised by the Colorado Respondents in the Pre-Answer Response.  Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** the Colorado Respondents shall file a Pre-Answer Response that complies with this Order.

---

[1] The Court's official file in 00-cv-01485-EWN-CBS has been returned temporarily to the Court from the Records Center.  The Court will retain that file in the clerk's office while this action is pending.

3

It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.

DATED March 13, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge