IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00037-BNB

WENDEL (ROBERT) WARDELL, JR.,

    Applicant,

v.

EXECUTIVE DIRECTOR, Colorado Dept. of Corrections,
ARCHIE B. LONGLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER

    This matter is before the Court on the Motion for Leave to File Motion to Dismiss (ECF No. 13) filed on March 27, 2013, by Respondents Executive Director of the Colorado Department of Corrections and the Attorney General of the State of Colorado ("the Colorado Respondents").  For the reasons stated below, the motion will be denied.

    Applicant is a prisoner in the custody of the United States Bureau of Prisons. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Colorado state court conviction in Larimer County District Court case number 95CR1159.  On March 13, 2013, the Court ordered the Colorado Respondents to file a Pre-Answer Response that addresses the jurisdictional question of whether the instant action is a second or successive application as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). With respect to the jurisdictional question of whether the instant action is a second or

successive application, the Court noted that Applicant has filed a prior habeas corpus application challenging the validity of the same Colorado conviction, *see Wardell v. Neet*, No. 00-cv-01485-EWN-CBS (D. Colo. Apr. 21, 2003), and that Applicant alleges an amended judgment was entered in his criminal case after the prior habeas corpus action was filed.  Because it is not clear what effect entry of an amended judgment may have, the Court specifically directed the Colorado Respondents to address the jurisdictional question of whether the instant action is a second or successive application in light of *Magwood v. Patterson*, 130 S. Ct. 2788 (2010).

The Colorado Respondents do not address Applicant's allegation regarding entry of an amended judgment in his criminal case or the Supreme Court's decision in *Magwood* in the tendered Motion to Dismiss Habeas Application as Successive (ECF No. 13-1).  Because the tendered Motion to Dismiss Habeas Application as Successive (ECF No. 13-1) does not address the specific issues the Colorado Respondents were directed to address, the Motion for Leave to File Motion to Dismiss (ECF No. 13) will be denied.  The Colorado Respondents will be directed to file a response that complies with the Court's Order to File Pre-Answer Response.  Accordingly, it is

ORDERED that the Motion for Leave to File Motion to Dismiss (ECF No. 13) is DENIED.  It is

FURTHER ORDERED that **within twenty-one (21) days from the date of this Order** the Colorado Respondents shall file a Pre-Answer Response that complies with the Court's Order to File Pre-Answer Response (ECF No. 9).  It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.

DATED April 3, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge