IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00037-BNB

WENDEL (ROBERT) WARDELL, JR.,

      Applicant,

v.

EXECUTIVE DIRECTOR, Colorado Dept. of Corrections,
ARCHIE B. LONGLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Wendel (Robert) Wardell, Jr., is a prisoner in the custody of the United
States Bureau of Prisons ("BOP").  Mr. Wardell has filed *pro se* an Application for a Writ
of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of
his Colorado state court conviction in Larimer County District Court case number
95CR1159.  The named Respondents include the Executive Director of the Colorado
Department of Corrections and the Attorney General of the State of Colorado ("the
Colorado Respondents") as well as the warden of the federal prison in which Mr.
Wardell is incarcerated.

On March 13, 2013, Magistrate Judge Boyd N. Boland ordered the Colorado
Respondents to file a Pre-Answer Response that addresses the jurisdictional question
of whether the instant action is a second or successive application as well as the
affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if the Colorado Respondents intend to raise those defenses in this action.  On April 24, 2013, the Colorado Respondents filed a Pre-Answer Response (ECF No. 15).  The Colorado Respondents argue that the application must be dismissed for lack of jurisdiction because Mr. Wardell is not in custody pursuant to the Colorado conviction he is challenging and because the application is a second or successive application.  The Colorado Respondents also argue that the application is untimely and that all of Mr. Wardell's claims are procedurally barred.  On July 15, 2013, Mr. Wardell filed a Reply to Pre-Answer Response (ECF No. 27) addressing the arguments raised by the Colorado Respondents.

The Court must construe the application and other papers filed by Mr. Wardell liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Wardell was convicted of theft and forgery in Larimer County District Court case number 95CR1159.  On January 29, 1997, he was sentenced in that case to ten years in prison to be served consecutively to any other sentence he was required to serve at that time. (*See* ECF No. 15-26.)  On September 19, 2001, the trial court entered an amended judgment to include an award of restitution.  (*See* ECF No. 15-12.) On September 20, 2002, the trial court entered a second amended judgment to include a period of mandatory parole.  (*See* ECF No. 15-10.)  Neither of the amended judgments altered Mr. Wardell's prison sentence.

2

Mr. Wardell concedes that the ten-year prison sentence in 95CR1159 expired in November 2004 when he was released on parole.  (*See* ECF No. 27 at 3; ECF No. 15-7 at 2.)  As of November 2, 2008, Mr. Wardell had completely discharged all of his Colorado sentences, including any periods of parole.  (*See* ECF 15-7.)  However, before he completely discharged the sentence imposed in Larimer County case number 95CR1159, Mr. Wardell was convicted and sentenced in two federal court cases in the District of Colorado.  On October 26, 2005, Mr. Wardell was sentenced to serve 96 months in prison in the first federal case.  *See United States v. Wardell*, 03-cr-00415-REB-01 (D. Colo. Nov. 4, 2005).  That sentence was affirmed on appeal.  *See United States v. Wardell*, 218 F. App'x 695 (10th Cir. 2007), *cert. denied*, 555 U.S. 920 (2008). On March 17, 2006, Mr. Wardell was sentenced to serve 115 months in prison in the second federal case and that sentence was ordered to be served consecutively to any sentence previously imposed.  *See United States v. Wardell*, No. 05-cr-00342-REB-04 (D. Colo. Mar. 28, 2006).  The district court's judgment in Mr. Wardell's second federal case was affirmed on appeal.  *See United States v. Wardell*, 591 F.3d 1279 (10th Cir. 2009), *cert. denied*, 132 S. Ct. 430 (2011).  Mr. Wardell contends that his state sentence in Larimer County case number 95CR1159 was used to enhance both federal sentences.

As noted above, Mr. Wardell currently is incarcerated in a federal prison serving his consecutive federal sentences.  The BOP has determined Mr. Wardell's consecutive federal sentences commenced on October 26, 2005, when the first federal sentence was imposed, and that he is entitled to presentence confinement credit against his federal sentences beginning on November 25, 2004, when he was released on parole

with respect to his state sentence in Larimer County case number 95CR1159.  *See*

*Wardell v. Wilson*, Civil No. 10-294-GFVT, 2011 WL 6027072 at *4 (E.D. Ky. Dec. 5,

2011).  Mr. Wardell acknowledges that he has filed in federal court an application for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenged

unsuccessfully the BOP's computation of his federal sentences.  *See id.*

    As noted above, Mr. Wardell is challenging the validity of his conviction in

Larimer County case number 95CR1159 in the instant habeas corpus action pursuant to

§ 2254.  He specifically asserts five claims for relief, two of which include subparts.  Mr.

Wardell contends in claim 1(a) that Colorado violated the speedy trial and anti-shuttling

provisions of the Interstate Agreement on Detainers Act ("IADA").  He contends in claim

1(b) that counsel was ineffective in handling the IADA issues.  Mr. Wardell contends in

claim 2 that his constitutional right to an impartial jury was violated by the seating of (a)

a juror allegedly related to a prosecution witness and (b) another juror whose daughter

was employed by a corporate victim of Mr. Wardell's crimes.  He contends in claim 2(c)

that counsel was ineffective in failing to object to these two jurors or seek a mistrial.  Mr.

Wardell contends in claim 3 that counsel was ineffective by failing to move to suppress

a checkbook seized from the vehicle Mr. Wardell was driving when he was arrested.

Mr. Wardell contends in claim 4 that his constitutional right to due process was violated

based on a constructive amendment of the charges caused by the trial court's response

to a jury question during deliberations.  Mr. Wardell contends in claim 5 that his

constitutional right to due process was violated as a result of inordinate delay in

adjudicating his postconviction motion pursuant to Rule 35(c) of the Colorado Rules of

Criminal Procedure.

As noted above, the Colorado Respondents first argue that the Court lacks jurisdiction over this action because Mr. Wardell is not in the custody of Colorado.  The Court agrees.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a).  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Furthermore, the custody requirement is jurisdictional.  *See McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009).  Thus, a prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed.  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  Finally, it is Mr. Wardell's burden to establish that the custody requirement is satisfied.  *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that a defendant filing a motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

As noted above, Mr. Wardell completely discharged his Colorado sentences, including his sentence in Larimer County case 95CR1159, as of November 2, 2008, more than four years before the instant action was filed.  However, Mr. Wardell contends that he satisfies the custody requirement for three reasons.  First, he argues that he remains in custody for the purposes of challenging his conviction in Larimer County case number 95CR1159 because that conviction was used to enhance the federal sentences he currently is serving.  Second, Mr. Wardell argues that he remains

in custody for the purposes of challenging his conviction in Larimer County case number 95CR1159 because the BOP uses that conviction for classification purposes.  Third, Mr. Wardell argues that he remains in custody for the purposes of challenging his conviction in Larimer County case number 95CR1159 because his federal sentences were ordered to run consecutively to any sentence previously imposed, which included his sentence in Larimer County case number 95CR1159.

Mr. Wardell's first argument, that he is in custody with respect to his conviction in Larimer County case number 95CR1159 because that conviction was used to enhance the federal sentences he currently is serving, lacks merit.  *See Maleng*, 490 U.S. at 491 ("In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction.  We think that this interpretation stretches the language 'in custody' too far."); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

Mr. Wardell's second argument, that he remains in custody for the purposes of challenging his conviction in Larimer County case number 95CR1159 because the BOP uses that conviction for classification purposes, also lacks merit.  For one thing, Mr. Wardell cites no authority to support this argument.  Furthermore, if the use of a prior conviction to enhance a current sentence does not satisfy the custody requirement with respect to the prior conviction, the use of the prior conviction as one factor in determining an inmate's prison classification certainly does not present the sort of severe restraint on individual liberty necessary to satisfy the custody requirement.  *See*

6

*Hensley*, 411 U.S. at 351.

Mr. Wardell's third argument, that he remains in custody for the purposes of challenging his conviction in Larimer County case number 95CR1159 because his federal sentences were ordered to run consecutively to any sentence previously imposed, which included his sentence in Larimer County case number 95CR1159, also is unavailing.  Mr. Wardell is correct that, pursuant to *Garlotte v. Fordice*, 515 U.S. 39 (1995), "a prisoner that is 'in custody' for one of a series of consecutive sentences is 'in custody' for all of those sentences."  *Foster v. Booher*, 296 F.3d 947, 948 (10th Cir. 2002) (discussing the holding in *Garlotte*).  However, *Garlotte* and *Foster* are distinguishable because both of those cases involved inmates serving consecutive sentences imposed by the same sovereign.  *See Garlotte*, 515 U.S. at 41; *Foster*, 296 F.3d at 948.  Neither *Garlotte* nor *Foster* addresses the question of whether a federal prisoner, like Mr. Wardell, is in custody for the purpose of challenging a state sentence that has been fully served.  *See Brown v. Warden*, 315 F.3d 1268, 1270 n.1 (10th Cir. 2003) (stating that *Foster* "does not address the issue of whether a federal prisoner may bring a § 2254 petition to challenge a state sentence that has been fully served").  Because Mr. Wardell's consecutive state and federal sentences were imposed by separate sovereigns, the Court finds that Mr. Wardell is not in state custody with respect to his fully-served sentence in Larimer County case number 95CR1159.  *See id.* at 1269-70 (10th Cir. 2003) (concluding that district court lacked jurisdiction over § 2254 habeas petition filed by a prisoner in federal custody who was challenging a prior state conviction after the state sentence had been fully served); *see also Diaz v. Fla. Fourth Judicial Circuit ex rel. Duval Cnty.*, 683 F.3d 1261, 1263-66 (11th Cir. 2012)

7

(distinguishing *Garlotte* and concluding that federal prisoner serving federal sentence no longer was in custody pursuant to judgment of a state court and could not challenge state conviction pursuant to § 2254 because concurrent state sentence had been fully served); *Allen v. Oregon*, 153 F.3d 1046, 1048 (9th Cir. 1998) ("*Garlotte* applies only when the petitioner is still in the custody of the same sovereign responsible for the challenged conviction.").

For these reasons, the Court finds that Mr. Wardell fails to satisfy his burden of demonstrating he is in custody with respect to the Larimer County conviction he is challenging in this action.  As a result, the action must be dismissed for lack of jurisdiction.  The Court recognizes that Mr. Wardell could satisfy the "in custody" requirement if the application was construed as a 28 U.S.C. § 2255 motion challenging the validity of his current federal sentences that he maintains were enhanced as a result of his conviction in Larimer County case number 95CR1159.  *See Lackawanna*, 532 U.S. at 401-02.  However, there is no indication in the application that Mr. Wardell seeks to challenge the validity of his current federal sentences in this action.  More importantly, Mr. Wardell already has filed a § 2255 motion in each of his federal cases. *See United States v. Wardell*, No. 09-cv-02374-REB (D. Colo. Mar. 20, 2013) (challenging 03-cr-00415-REB), *appeal filed*, No. 13-1152 (10th Cir. Apr. 15, 2013); *United States v. Wardell*, No. 12-cv-02746-REB (D. Colo. filed Oct. 15, 2012) (challenging 05-cr-00342-REB).  Therefore, even construing the application liberally as a motion pursuant to § 2255 in one or both of his federal cases, the application still would be subject to dismissal for lack of jurisdiction as a second or successive § 2255 motion because Mr. Wardell does not allege that he has obtained authorization to file a

second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir.

2008) (per curiam) (noting that district court lacks jurisdiction to consider the merits of

claims asserted in a second or successive § 2255 motion absent authorization from

appropriate court of appeals).

The Colorado Respondents also argue that the Court lacks jurisdiction to

consider Mr. Wardell's claims challenging the validity of his conviction in Larimer County

case number 95CR1159 because the application is a second or successive 28 U.S.C. §

2254 application and Mr. Wardell has not obtained authorization from the Tenth Circuit

to file a second or successive application.  The Colorado Respondents specifically note

that Mr. Wardell previously sought habeas corpus relief in the District of Colorado

pursuant to § 2254 challenging the validity of his conviction and sentence in Larimer

County case number 95CR1159.  *See Wardell v. Neet*, No. 00-cv-01485-EWN-CBS (D.

Colo. Apr. 21, 2003).  Mr. Wardell's claims in 00-cv-01485-EWN-CBS were denied on

the merits and the action was dismissed with prejudice.

Although Mr. Wardell asserts in the application that he has not filed any other

actions in federal court challenging the validity of his conviction in Larimer County case

number 95CR1159, he acknowledges in his Reply to Pre-Answer Response that he filed

an application for a writ of habeas corpus pursuant to § 2254 in 2000 in which he

challenged the validity of his conviction in Larimer County case number 95CR1159.

Nevertheless, Mr. Wardell contends that the instant action is not a second or successive

application because, as noted above, the Larimer County District Court entered a

second amended judgment in case number 95CR1159 on September 20, 2002 (*see*

ECF No. 15-10), which was after he filed the habeas corpus application in 00-cv-01485-

EWN-CBS.  Thus, he maintains that he is challenging a new judgment for the first time.

Mr. Wardell relies on the Supreme Court's decision in *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), in support of his argument that the instant application is not a second or successive application.  In *Magwood*, the Supreme Court held that a petitioner's second challenge to his sentence under 28 U.S.C. § 2254 was not barred as a second or successive petition when it came after the petitioner had been resentenced following a successful § 2254 habeas corpus petition and the petitioner asserted a claim in the second petition based on the resentencing.  However, the Supreme Court expressly declined to extend its holding to a situation, like the instant action, where the second-in-time application challenges the original conviction and not the new sentence. *See Magwood*, 130 S. Ct. at 2802.

The Colorado Respondents argue that *Magwood* is not applicable for two reasons.  First, the Colorado Respondents contend that neither the amended judgment entered by the Larimer County District Court in 2001 nor the second amended judgment entered in 2002 is a new judgment within the meaning of *Magwood*.  More specifically the Colorado Respondents contend *Magwood* is not applicable because "[t]here was no resentencing hearing; applicant continued to serve the same sentence imposed in 1997, and the appearance of restitution and a mandatory parole term on the mittimus merely noted components of punishment to which applicant was already subject."  (ECF No. 15 at 15.)  Alternatively, the Colorado Respondents argue that, even assuming a new judgment was entered, Mr. Wardell's claims in this action are barred because those claims are not limited to challenging only the new judgment.

The Court notes that there is a circuit split regarding the applicability of *Magwood*

10

to second-in-time applications and motions pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2255 that challenge the original conviction and not only the amended judgment.  On the one hand, the Seventh Circuit, with one judge dissenting, has found that a second-in-time § 2255 motion challenging only the underlying conviction that was filed after imposition of a new sentence was barred as a second or successive motion.  *See Suggs v. United States*, 705 F.3d 279 (7th Cir. 2013).  The Seventh Circuit reached this result based on settled circuit precedent because "*Magwood* left open the question whether a motion following a resentencing is 'second or successive' where it challenges the underlying conviction, not the resentencing."  *Id.* at 284.

The Fifth Circuit similarly concluded that a second-in-time § 2255 motion filed after entry of an amended judgment was barred as successive in *In re Lampton*, 667 F.3d 585 (5th Cir. 2012).  The Fifth Circuit reasoned that *Magwood* did not apply because the district court's amended judgment merely vacated a conviction and sentence on a lesser included offense; the convictions and sentences on the remaining offenses, as well as the judgment imposing them, was undisturbed.  *Id.* at 588-89.

On the other hand, the Second Circuit has found that a second-in-time § 2255 motion following entry of an amended judgment is not successive regardless of whether the second-in-time motion challenges the conviction, the sentence, or both.  *See Johnson v. United States*, 623 F3d 41, 46 (2d Cir. 2010).  The Ninth Circuit agreed with the reasoning in *Johnson* and adopted the Second Circuit's rule in *Wentzell v. Neven*, 674 F.3d 1124, 1128 (9th Cir. 2012).

The Tenth Circuit has not addressed the specific issue presented in this action although the Tenth Circuit has found, in an unpublished case and with one dissent, that

entry of an amended judgment to correct a clerical error with no new proceedings resulting in a new judgment is factually distinguishable from *Magwood*. *See In re Martin*, 398 F. App'x 326 (10th Cir. 2010).

In light of the lack of controlling authority and the circuit split described above, and because the Court already has determined jurisdiction over this matter is lacking based on the absence of state custody, the Court declines to address the jurisdictional issue of whether the instant action is barred as a second or successive application. The Court also will not address the affirmative defenses raised by the Colorado Respondents in the Pre-Answer Response because the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction because Applicant is not in custody for the purposes of the conviction under attack. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that Applicant's Motion for Leave to Supplement and Supplement to Movant's Reply to Pre-Answer Response (ECF No. 29) is denied as moot.

DATED at Denver, Colorado, this  30th  day of   July  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court