IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00037-LTB

WENDEL (ROBERT) WARDELL, JR.,

    Applicant,

v.

EXECUTIVE DIRECTOR, Colorado Dept. of Corrections,
ARCHIE B. LONGLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DENYING MOTION FOR RECONSIDERATION

    Applicant, Wendel (Robert) Wardell, Jr., has filed *pro se* a "Motion for Reconsideration" (ECF No. 35) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 30) and the Judgment (ECF No. 31) entered in this action on July 30, 2013.  The Court must construe the motion liberally because Mr. Wardell is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider the Motion for Reconsideration filed by Mr. Wardell pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).  Although Mr. Wardell filed a Notice of Appeal (ECF No. 32) on August 12, 2013, the Court still has jurisdiction to consider the merits of a timely Rule 59(e) motion.  *See Warren v. American Bankers Ins.*, 507 F.3d 1239, 1244-45 (10th Cir. 2007).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

The instant action is a habeas corpus action pursuant to 28 U.S.C. § 2254 in which Mr. Wardell challenges the validity of a Colorado state court criminal conviction. However, Mr. Wardell completely discharged the sentence imposed as a result of that conviction more than four years before the instant action was filed.  Therefore, the Court dismissed the action for lack of jurisdiction because Mr. Wardell is not in custody for the purposes of the state court conviction he is challenging.

Mr. Wardell continues to argue in the Motion for Reconsideration that he remains

in custody for the purposes of the Colorado conviction he is challenging. For the reasons discussed in the Order of Dismissal, the Court does not agree. Therefore, upon consideration of the Motion for Reconsideration and the entire file, the Court finds that Mr. Wardell fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Accordingly, it is

ORDERED that the Motion for Reconsideration (ECF No. 35) is DENIED.

DATED at Denver, Colorado, this  29th  day of   August  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court