IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00037-LTB

WENDEL (ROBERT) WARDELL, JR.,

    Applicant,

v.

EXECUTIVE DIRECTOR, Colorado Dept. of Corrections,
ARCHIE B. LONGLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT

---

This matter is before the Court on "Petitioner's Motion for Relief From Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)" (ECF No. 41) filed *pro se* by Applicant, Wendel (Robert) Wardell, Jr. Mr. Wardell seeks relief from the Order of Dismissal (ECF No. 30) and the Judgment (ECF No. 31) entered in this action on July 30, 2013.

Mr. Wardell is a prisoner in the custody of the Federal Bureau of Prisons. He initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Larimer County District Court case number 95CR1159. The Court dismissed the action for lack of jurisdiction because Mr. Wardell had fully discharged his sentence in Larimer County District Court case number 95CR1159 before the instant action was commenced and, thus, he is not in custody for the purposes of that conviction. The United States Court of Appeals for the Tenth Circuit subsequently denied Mr. Wardell's request for a certificate of appealability

and dismissed his appeal from the order dismissing this action. *See Wardell v. Exec. Dir.*, 564 F. App'x 922 (10th Cir. Apr. 29. 2014), *cert. denied*, 136 S. Ct. 136 (2015).

The Court must construe the motion for relief from judgment liberally because Mr. Wardell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

When faced with a Rule 60(b) motion filed in a closed habeas corpus action, the Court first must determine whether the motion should be treated as a second or successive habeas corpus application or whether it should be treated as a true 60(b) motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Distinguishing between a true Rule 60(b) motion and a second or successive habeas application turns on the "relief sought, not [the] pleading's title." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). A Rule 60(b) motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion is a true 60(b) motion if it either "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application" or "challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16.

Mr. Wardell argues in the motion for relief from judgment that he is entitled to relief because there have been significant changes in procedural law. He specifically relies on

two cases that he contends demonstrate the existence of an intervening change in law. The first case is an August 2015 Colorado Court of Appeals opinion in his Larimer County District Court case that, in part, concluded a state postconviction motion was timely. The second case is the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

It appears that Mr. Wardell's motion for relief from judgment is a true Rule 60(b) motion and not a second or successive application. Therefore, the Court has jurisdiction to consider the arguments he raises in the motion. However, relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Furthermore, the sort of extraordinary circumstances sufficient to justify relief under Rule 60(b) "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Upon consideration of the motion for relief from judgment and the entire file, the Court finds that Mr. Wardell fails to demonstrate the existence of any extraordinary circumstances that would justify relief in this action. Even assuming the existence of an intervening change in law could justify relief under Rule 60(b), Mr. Wardell fails to identify any intervening change in law that is relevant to the Court's custody determination in this action. Furthermore, at least with respect to his reliance on the Supreme Court's decision in *Martinez*, the Court notes that relief under Rule 60(b) is not available to raise new arguments that could have been raised previously. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Because *Martinez* was decided before this action was filed, it is clear that whatever argument Mr. Wardell is raising based on

*Martinez* could have been raised previously. For these reasons, the motion for relief from judgment will be denied. Accordingly, it is

ORDERED that "Petitioner's Motion for Relief From Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)" (ECF No. 41) is DENIED.

DATED at Denver, Colorado, this  18th  day of  December , 2015.

BY THE COURT:


  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court